UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA DEWITT, | ) | CASE NO. 5:15-cv-255 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Kenneth S. McHargh (Doc. No. 17) with respect to plaintiff's request for judicial review of defendant's denial of her applications for Supplemental Security Income ("SSI") and for a Period of Disability and Disability Insurance Benefits ("DIB"). The R&R concludes that the Commissioner's decision is supported by substantial evidence and recommends affirmance and dismissal. Plaintiff filed objections to the R&R (Doc. No. 19 ["Obj."]) and defendant filed a response to the objection (Doc. No. 20 ["Response"]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts the R&R, and dismisses the case.

### I.  STANDARD OF REVIEW

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires a de novo review as to those portions of the document to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that

term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

Judicial review of an administrative decision under the Social Security Act is limited to a determination of whether the administrative law judge applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir.2014).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir.2014); *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir.2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle,* 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir.2006).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion).

## II. DISCUSSION

The R&R fully sets forth the procedural background, which is unchallenged by plaintiff and, therefore, adopted. (R&R at 925-26.)[1] The R&R also correctly notes that plaintiff has raised only two challenges to the July 16, 2013 findings of the administrative law judge ("ALJ"), which were rendered final when review was denied on December 16, 2014 by the Appeals Council. (Transcript ["Tr."] at 58-61.) Plaintiff asserts that neither the ALJ's analysis of her mental impairments, nor his finding that she could return to her past relevant work, are supported by substantial evidence. She likewise challenges, by way of her current objections, the R&R's contrary findings and its recommendation of affirmance.

Notably, for purposes of this review, in a different administrative decision issued on May 23, 2011 (and not appealed), plaintiff was found to be "not disabled." The ALJ in the

---

[1] All page references are to the PageID # in the relevant document.

instant case was, therefore, bound by *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997), which held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." Following *Drummond*, the Social Security Administration ("SSA") issued Acquiescence Ruling 98-4(6), which explained:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations, or rulings affecting the finding or the method for arriving at the finding.

SSAR 98-4(6), 1998 WL 283902, at *3 (June 1, 1998).

### A. Mental Impairments

With respect to her mental impairments, plaintiff argues that the ALJ erred by finding new, additional severe impairments, but finding no resulting limitations arising therefrom. She argues that, following the first administrative finding of "not disabled," she was diagnosed with post-traumatic stress disorder ("PTSD") resulting from a sexual assault by her supervisor while she was in the military. Plaintiff had also been a victim of sexual assault as a child, but this fact had been revealed by her prior to the first administrative decision. As of that decision, she had only been diagnosed with depression. She subsequently revealed the later sexual assault, and was thereafter diagnosed with PTSD. She claims that "it does not follow that [she] would suffer no additional limitations as a result of the impairment." (Obj. at 943.) She concludes that it was error for the ALJ to adopt the prior ALJ's mental residual functional capacity ("RFC"), and that the R&R's analysis has not cured this defect. (*Id.*)

The Court concludes that neither the ALJ nor the Magistrate Judge were incorrect. Under *Drummond* and SSAR 98-4(6), an earlier finding of "not disabled" can only be altered if there is "new and material evidence." Here there is a new *diagnosis* of PTSD. But the record does not suggest that this is a new *condition*. In fact, when asked by her attorney at the hearing before the ALJ whether she was emotionally better, worse, or about the same over the last couple years, she answered: "I would say from when I started my treatment from the VA [i.e., October 25, 2011], it's, it's the same. *Only difference from now, from then to now is I understand why I act the way I am*, and I know a little bit more about who I am through therapy." (Tr. at 102.) There is no change between the first and second administrative findings with respect to the *evidence* relating to her mental functionality; all that has changed is that, due to a more accurate diagnosis, she now has a better *understanding* of the cause of her sometimes erratic behavior (e.g., "I get an attitude for no reason … [and] it just happens." (Tr.at 101)). Therefore, under these circumstances, plaintiff's contention that the updated *diagnosis* of PTSD would necessarily mean that she would have additional *limitations* is not correct. Absent actual new and material evidence of additional limitations, the original finding must stand under *Drummond*.

This objection is overruled.

**B.     Past Relevant Work**

Plaintiff's second objection relates to the ALJ's finding that she could return to her past relevant work. She asserts that the R&R mischaracterizes her original challenge as being based on differences between occupational titles used by the ALJ and the vocational expert. Her real challenge, according to her objection, is that the ALJ "combin[ed] two job titles, based in part on extra-record evidence testimony from a prior vocational expert and based in part on the purported testimony of the vocational expert herein." (Obj. at 943.) This is a reference to the

second ALJ's conclusion that, inter alia, plaintiff was "capable of performing past relevant work as a Factory Laborer/Packager." (Tr. at 85.)

The first ALJ had concluded that plaintiff could perform her past relevant work as a "Factory Laborer," which was characterized as light and unskilled. (*See* Tr. at 85, 79.) There was no "extra-record evidence testimony," as plaintiff asserts. The second ALJ's conclusion that she could do the work of "Factory Laborer" was based upon the May 23, 2011 decision of the first ALJ that is contained in this record. (*See* Tr. at 114-127.)

As to the "purported testimony of the vocational expert herein," plaintiff is correct that there was no actual "testimony" by the vocational expert regarding plaintiff's past relevant work. Rather, the vocational expert submitted a chart (a "15 Year Work Summary") listing four positions that plaintiff had in the past, including work as a "Packager," which is also light and unskilled. During the hearing, the vocational expert merely confirmed the contents of that summary. (Tr. at 304; 105-06.)

Since both "Factory Laborer" and "Packager" are light and unskilled, there was no error to combine them in the ALJ's listing of past relevant work. But, even assuming that there was a material difference between the first and second ALJs' classifications of plaintiff's past relevant work, the error would be harmless given that *Drummond* would have required the second ALJ to adopt the first ALJ's findings at step four, yielding the same outcome of "not disabled."

This objection is also overruled.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the Commissioner's decision to deny Supplemental Security Income and to deny a Period of Disability and Disability Insurance Benefits is supported by substantial evidence, the decision is affirmed and this case is closed.

**IT IS SO ORDERED**.

Dated: January 29, 2016

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**